UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-20728-JAL

JACKELIN J. RODRIGUEZ MARTINEZ,

    Plaintiff,

v.

7TH AVENUE SHOES INC. and
MALIK WAQAS,

    Defendant.
_____/

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

COME NOW Defendants, 7TH AVENUE SHOES, INC., a Florida corporation ("SHOE TIME"), and WAQAS MALIK, individually ("MALIK"), by and through undersigned Counsel, and state the following:

**ANSWER**

1. The allegations contained in paragraphs 1, 5, 6 and 7 are admitted for jurisdictional purposes only. All other allegations contained therein are denied.

2. Defendant admit the allegations contained in paragraph 2 of the Complaint.

3. As to paragraph 3 of the Complaint, Defendant, Shoe Time, admits it is a corporation that regularly transacts business within Miami-Dade County. All other allegations are denied.

4. Defendants deny the allegations contained in paragraphs 4, and 9 through 17.

5. Defendants can neither admit nor deny the allegations contained in paragraph 8 because it contains only a definition and no factual allegation to be admitted or denied.

6. Defendants deny all other allegations not expressly admitted herein.

WHEREFORE, Defendants having fully answered the Complaint, respectfully request that this Honorable Court cause the Complaint to be dismissed with prejudice; enter judgment against the Plaintiff; order that the Plaintiff take nothing by virtue of the Complaint; and for such other and further relief that this Honorable Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

Defendants hereby serve the following affirmative defenses:

1.  Defendants allege that neither the Complaint nor any of its alleged causes of action have stated a claim upon which relief can be granted. Specifically, Plaintiff's claim for violation of the Fair Labor Standards Act is barred by the statute of limitations to the extent Plaintiff seeks to recover damages for a greater time period than permitted by the FLSA.

2.  Plaintiff has failed to state sufficient allegations to maintain her claim that the corporate Defendant and the individual Defendant engaged in a common enterprise.

3.  Defendants are informed and believe, and on that basis allege, the Plaintiff has failed to undertake necessary and prudent steps to mitigate her damages, if any, the Plaintiff claims to have suffered by virtue of these Defendants, and, as such, the Plaintiff solely and proximately caused the damages alleged in the Complaint.

4.  Defendants allege that they, at all times, acted in a proper, lawful and legally permitted fashion, and no act or conduct of the Defendants caused the Plaintiff to suffer any harm or damage whatsoever.

5.  Defendants are informed and believe, and on that basis allege, the Plaintiff is estopped by her own conduct or omission to bring the Complaint. Plaintiff requested and engaged in a certain employment relationship with the Defendants, and any alleged violation of

the FLSA was a result of that employment relationship. Accordingly, Plaintiff is now estopped from seeking redress under the FLSA.

6. Defendants are informed and believe and on that basis allege, that the Plaintiff, with full knowledge and appreciation for the circumstances of the incidents herein complained of, went forward and engaged into the same, thereby accepting the full consequences thereof, and is therefore barred from recovery.

7. Defendants acted in good faith and in accordance with all applicable local, state and federal laws, statutes, ordinances and regulations. Therefore, no liquidated damages should be awarded because this Defendants' alleged actions or omissions were not a willful violation of the Fair Labor Standards Act. More specifically, Plaintiff worked as manager of the business of the Defendant and Defendants carry the good faith belief that Shoe Time was not required to pay overtime to Plaintiff. Plaintiff managed her own schedule and the schedules of other employees. Plaintiff also had the right to hire and fire employees, as she deemed necessary for the proper operation of the business.

8. Plaintiff qualified for one or more exemptions under the Fair Labor Standards Act and was therefore not entitlement to payment of overtime compensation.

WHEREFORE, Defendants having fully answered the Complaint, respectfully request that this Honorable Court cause the Complaint to be dismissed with prejudice; enter judgment against the Plaintiff; order that the Plaintiff take nothing by virtue of the Complaint; and for such other and further relief that this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants demand trial by jury on all issues thereby triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of April, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

INTERNATIONAL LAW PARTNERS LLP
*Attorneys for Defendants*
2122 Hollywood Blvd.
Hollywood, FL 33020
Phone:  (954) 374-7722
Fax:  (954) 212-0170

By:___s/YASIR BILLOO_____
   **Yasir Billoo**
   Florida Bar No.: 0718351
   ybilloo@intlawpartners.com


## SERVICE LIST

**J.H. Zidell, Esq.**
**Neil Tobak, Esq.**
*Counsel for Plaintiff*
300 71st Street
Suite 605
Miami Beach, FL 33141
Phone: (305) 865-6766
Email: zabogado@aol.com
*Via CM/ECF*